## No. 347.

## St. Louis Southwestern Railroad Company vs. W. B. Jacobs et al.

1. Parties who have obligated themselves by contract to procure a right of way for a railroad at their own cost and expense, and who, for that purpose, have caused expropriation proceedings to be instituted by counsel employed by

Railroad Co. vs. Jacobs et al.

themselves, though necessarily in the name of Railway Co., are bound to make good to the company the amount of the judgment rendered against it in such proceedings for the value of the land and incident damages, as provided by Rev. Stat., Sec. 1481.

2. In a case where the railroad bed had been constructed before trial of the expropriation proceeding, if it appeared that part of the damages allowed resulted from faulty construction by the company, of course defendants would not be bound therefor; but when the pleadings exhibit no such issue, and the opinion and judgment refer to none such, it will be presumed that the damages allowed were only those incident to the expropriation.

APPEAL from the First District Court, Parish of Caddo.
    *Taylor*, J.

*Alexander & Blanchard* and *Sam H. West* for Plaintiff and Appellee.

*Wise & Herndon* and *Bell & Randolph* for Defendants and Appellants.

The opinion of the court was delivered by

FENNER, J.   A contract was entered into between the plaintiff and the defendants, who are citizens of Shreveport, by which the former bound itself to construct a railway from a point on the Arkansas State line to the city of Shreveport, on certain terms and conditions, and within a designated period, and the defendants bound themselves to procure, at their own cost and expense, a right of way of 100 feet width along the said route and to cause to be made and delivered to plaintiff good and sufficient deeds and conveyances thereof.

It is not denied that the plaintiff has complied with all the obligations of its contract.

The defendants also proceeded to execute the contract by procuring the right of way as stipulated over most of the route; they succeeded in obtaining the right of way by private contracts with the owners of the lands at their own cost and expense; but they could not succeed in effecting any private settlement for the right of way over certain plantations which may be here designated as the Hollingsworth places.

It, therefore, became necessary to resort to expropriation proceedings.   These proceedings were necessarily instituted in the name of the railway company, but they were really conducted by

and on behalf of defendants, who employed attorneys to prosecute the same.

They resulted in judgments expropriating the right of way, but condemning the railway company to pay to the proprietors the value of the land and damages, as provided in Sec. 1481 of the Revised Statutes and Art. 156 of the Constitution of the State. The defendants failing to satisfy these judgments, the railway company, as the judgment debtor, was compelled to pay them, and the present action is brought to recover from the defendants the amount thereof.

It is not necessary to discuss the nature and binding effect of the contract involved and the extent of the obligations of the parties thereunder, because the defendants admit their obligation to procure the right of way by expropriation if they could not otherwise obtain it, and also admit their liability to pay the judgments obtained against the railway company to the extent both of the value of the land expropriated and of the incident damages allowed under Sec. 1481, Revised Statutes. This is certainly the full extent of their legal obligation.

It appears, however, that under some arrangement the railway company had actually constructed the road before the trial of the expropriation cases; and the defendants claim that part of the damages allowed resulted from injuries inflicted by the unskilful and improper construction of the road, and, therefore, from the company's own fault, and that, for such damages, defendants can not be held.

The soundness of this, as a legal proposition, can not be disputed; but an examination of the records in the expropriation suits fails to convince us that any such damages entered into the allowance made in the judgments.

We scrutinize the pleadings of the defendant owners without discovering any complaint of improper construction. The damages claimed are only those naturally incident to the construction of any railroad, such as dividing the plantations into two parts, severing one from the other by the road bed and embankment, separating cabins from tracts intended to be cultivated by their renters, making gin houses, barns, cabins, etc., more liable to fire from passing locomotives—opening a public thoroughfare for thieves and tramps—interfering with natural and artificial drainage "by compelling defendants to replace and revise their entire system of turn rows,"

shutting out their gin house, barns, etc., from the river bank and public road by the elevated road bed and thus interposing an obstacle to their ordinary communication with market in Shreveport.

All these allegations are couched in the future tense and would be just as appropriate had the road not yet been built. There is no allegation of faulty construction causing unnecessary damage, and we are not satisfied, even from the evidence, that damage from such cause entered into the computation. There is no reference to it in the opinion of this court, which finally disposed of the expropriation cases. Railway Company vs. Hollingsworth et al., 42 An. 749.

Defendants, having the management of said proceedings through counsel employed by themselves, and aware that they would be responsible for judgments to extent of value of land and proper damages, should have taken some pains to discriminate any damages for which they intended to plead an exemption. They have not done so, and we are not satisfied that any were allowed for which they are not justly responsible.

Judgment affirmed.